**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YESENIA DEL TORO, | Case No. CV 21-1216-JAK (JPR) |
| Plaintiff, | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| v. | |
| 360 PARTNERSHIP LP et al., | |
| Defendants. | |

The Court has reviewed the Complaint, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636. On October 13, 2021, Plaintiff filed objections to the R. & R.,[1] and Defendants 360 Partnership, Hairapetian Properties, Victor Hairapetian, and Albert Hairapetian responded on October 15; Defendants First American Title Insurance and First American Trustee Servicing Solutions responded on October 27. None of Plaintiff's objections undermines the reasoning of the R. & R.

Plaintiff first argues that her federal claims are not time barred, as the Magistrate Judge concluded (see R. & R. at 15),

---

[1] On the same day, Plaintiff also filed a "List of Objections," a notice of objections, and a jury-trial demand.

because she was not "actually aware of the actual injury until she actually started working on the composition of the complaint prior to six months of actually filing it," or in approximately August 2020. (Objs. at 1;[2] see id. at 6.) She concedes that she failed to plead how she became aware of the injuries in the Complaint, but she argues that she should be "allow[ed] . . . at least one amendment." (Id. at 6.)

    Pro se litigants should be granted leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). Indeed, a pro se litigant may be denied leave to amend when it would be "futile." Id. at 1128 (citation omitted). Amendment is futile "only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Barahona v. Union Pac. R.R., 881 F.3d 1122, 1134 (9th Cir. 2018) (citation omitted). Amendment is futile when a claim is clearly time barred. See Deutsch v. Turner Corp., 324 F.3d 692, 718 n.20 (9th Cir. 2003) (as amended) (affirming dismissal with prejudice and denying leave to amend as futile because new claim in proposed amended complaint was time barred); Hinton v. Pac. Enters., 5 F.3d 391, 397 (9th Cir. 1993) (affirming denial of leave to amend when proposed amendments would not have cured statute-of-limitations defects); Faulkner v. ADT Sec. Servs., Inc., 624 F. App'x 544, 544 (9th Cir. 2015) (finding that district court did not abuse

---

[2] Because Plaintiff's objections are not consecutively paginated, the Court uses the pagination generated by its Case Management/Electronic Case Filing system.

discretion in denying leave to amend as futile because proposed amended claim was barred by statute of limitations).

Amendment would be futile here. First, it is unclear why Plaintiff would have been drafting the Complaint if she had not yet discovered her injury. Second, her argument contradicts the allegations in her oppositions to the motions to dismiss, in which she repeatedly said that she discovered the alleged fraud undergirding her claims in "late 2018 or early 2019." (See R. & R. at 14 (quoting Pl.'s Opp'n to 360's Mot. Dismiss at 11, Pl.'s Opp'n to First Am.'s Mot. Dismiss at 13).) Third and most importantly, when she "actually" became aware of her injury is not the relevant inquiry. A claim accrues when the plaintiff "knows or has reason to know" of the injury, as the Magistrate Judge noted. (See id. at 13 (citing Lukovsky v. City & Cnty. of S.F., 535 F.3d 1044, 1048 (9th Cir. 2008)).) As the Magistrate Judge explained, here, that clearly was in 2014 at the latest. (See id. at 14-15.)

Finally, Plaintiff has not offered any facts, much less sufficient ones, demonstrating that she could allege her claims were timely. As the Magistrate Judge noted, she has not alleged that she was actually unaware of the 2014 foreclosure, apparently filed several bankruptcy cases in 2012 and 2013 in an effort to postpone the foreclosure proceedings, and was served with an order in one of the bankruptcy cases that lifted the stay prohibiting enforcement of the sale of her property based in part on a declaration filed by Defendant Victor Hairapetian alleging that the bankruptcy was "part of a scheme to delay, hinder, and defraud creditors." (See id. at 14-15; 360's Mot. Dismiss,

3

Attach. Req. Judicial Notice, Ex. 1 at 6, Ex. 12 at 2-3, & Ex. 13 at 1 (proof of service).)  And the recording of the deed upon sale would have triggered her knowledge of the allegedly fraudulent sale, see Cal. ex rel. State Land Comm'n v. Yuba Goldfields, Inc., 752 F.2d 393, 397 (9th Cir. 1985) (finding that recording of quitclaim deeds triggered running of statute of limitations); Suri v. Bank of Am. Corp., NA, No. CV 11-5124-JFW (AJWx), 2011 WL 13220740, at *2 (C.D. Cal. Sept. 20, 2011) (finding that recording of deed of trust on foreclosure sale triggered limitation statute, particularly because plaintiff clearly knew of pending foreclosure, and granting Defendants' motion to dismiss with prejudice in part because in opposing motion Plaintiff "fail[ed] to allege any specific facts" to justify tolling), which Plaintiff acknowledged in the Complaint happened on June 25, 2014 (see Compl. at 8).

  For these reasons, the Magistrate Judge correctly concluded that Plaintiff's claims should be dismissed with prejudice and without leave to amend because she can allege no facts showing that they were timely.

  Plaintiff agrees that the unserved Defendants should be dismissed but asserts that they should be dismissed without prejudice "since the case is not actually time[]barred."  (Objs. at 6.)  Because it is, however, the federal claims against the unserved Defendants are dismissed with prejudice.  Similarly, Plaintiff argues that the Court should not decline to exercise jurisdiction over the state-law claims because the federal claims "are not necessarily time-barred."  (Id. at 8.)  But they are.

  Plaintiff objects to the denial of her motions to strike the

4

motions to dismiss for failure to properly meet and confer. (Id. at 9.) She acknowledges that she "may have had some limited conversations with counsel for the [D]efendants," but she claims that she "has never met any of the counsel or met via telephone." (Id.) Although she contends that she would be "prejudiced by the . . . allowing of exceptions to the meet and confer requirement," she does not say how. (Id.) As the Magistrate Judge observed, she was able to file thorough responses to the motions to dismiss, and the parties' respective positions are clear. (See R. & R. at 11.) Therefore, striking Defendants' motions based on an untimely meet and confer is not warranted.

Although Plaintiff does not actually object to the Magistrate Judge's recommendation that the Court grant Defendants' requests for judicial notice — and has never done so, ignoring the requests in her original briefing — she states that the taking of judicial notice of the documents "do[es] not necessarily prove when [P]laintiff actually became aware of the injury in the lawsuit." (List Objs. at 2.) She then repeats her arguments that the "federal causes of action are not time-barred and this court should exercise jurisdiction of the state law causes of action." (Id.) For the reasons the Magistrate Judge noted, however, the documents are properly subject to judicial notice (see R. & R. at 11-12) and demonstrate that Plaintiff should have been aware of her injury in 2014.

Having reviewed de novo those portions of the R. & R. to which Plaintiff objected, the Court accepts the findings and recommendations of the Magistrate Judge. It therefore is ORDERED that:

1. Plaintiff's request for entry of default and motions to strike are DENIED;

2. Defendants' requests for judicial notice are GRANTED;

3. Defendants' motions to dismiss Plaintiff's federal claims are GRANTED and the claims are dismissed with prejudice and without leave to amend;

4. Plaintiff's federal claims against the unserved Defendants are dismissed with prejudice; and

5. Plaintiff's state-law claims are dismissed without prejudice.

**IT IS SO ORDERED**

DATED: November 1, 2021

JOHN A. KRONSTADT
U.S. DISTRICT JUDGE